# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PAULA J. KARAS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. |
| | ) | 11-40016-FDS |
| v. | ) | |
| | ) | |
| HOOD INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons stated below, the Court dismisses this action without prejudice and denies the motion to proceed *in forma pauperis* as moot.

**I.     Background**

On January 19, 2011, Paula Karas, a resident of Milford, Massachusetts, filed a self-prepared complaint against Hood, Inc., accompanied by a motion to proceed *in forma pauperis* and a motion for a speedy trial. The Court's records indicate that plaintiff has been a frequent litigant, having filed six cases since 2006.[1]

The action was randomly assigned to Magistrate Judge Timothy S. Hillman pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges.

---

[1] Plaintiff previously filed the following actions: *Karas v. Mass. Dep't of Soc. Servs.*, C.A. No. 06-11277-DPW; *Karas v. United States Dep't of Agriculture*, C.A. No. 07-10429-DPW; *Karas v. United States Food and Drug Admin.*, C.A. No. 07-10504-DPW; *Karas v. Commonwealth*, C.A. No. 07-10-40178-FDS; *Karas v. Dunkin Donuts*, 10-40236-FDS; and *Karas v. Honey Dew Donuts*, 10-40237-FDS.

Although summonses were not issued, counsel for defendant filed a notice of appearance on February 23, 2011, accompanied by a motion to dismiss.[2]

By Order dated March 15, 2011, Magistrate Judge Hillman granted plaintiff's motion to proceed *in forma pauperis*, denied her motion for speedy trial, and directed her to either show good cause why her complaint should not be dismissed or file an amended complaint. The Order advised plaintiff that upon receipt of her response, Magistrate Judge Hillman would either direct the Clerk to issue summons or direct the reassignment of the case to a District Judge for further review of plaintiff's response.

The March 15 Order explained that although plaintiff believes that she has a constitutional right to drink milk that is pure and unadulterated, there is no such right under the United States Constitution. Moreover, plaintiff was advised that the complaint failed to comport with the pleading requirements of the Federal Rules of Civil Procedure.

In response to Magistrate Judge Hillman's Order, on April 5, 2011, plaintiff filed a notice of appeal accompanied by a motion for leave to appeal *in forma pauperis*. On April 6, 2011, the case was reassigned to the undersigned judge.

**II.**	**Analysis**

    **A.**	**Plaintiff's Notice of Appeal**

With some exceptions, the filing of a Notice of Appeal "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see* 28 U.S.C.

---

[2] Counsel for defendant filed a notice of withdrawal of appearance on March 16, 2011. *See* Docket No. 11.

Although summonses were not issued, counsel for defendant filed a notice of appearance on February 23, 2011, accompanied by a motion to dismiss.[2]

By Order dated March 15, 2011, Magistrate Judge Hillman granted plaintiff's motion to proceed *in forma pauperis*, denied her motion for speedy trial, and directed her to either show good cause why her complaint should not be dismissed or file an amended complaint. The Order advised plaintiff that upon receipt of her response, Magistrate Judge Hillman would either direct the Clerk to issue summons or direct the reassignment of the case to a District Judge for further review of plaintiff's response.

The March 15 Order explained that although plaintiff believes that she has a constitutional right to drink milk that is pure and unadulterated, there is no such right under the United States Constitution. Moreover, plaintiff was advised that the complaint failed to comport with the pleading requirements of the Federal Rules of Civil Procedure.

In response to Magistrate Judge Hillman's Order, on April 5, 2011, plaintiff filed a notice of appeal accompanied by a motion for leave to appeal *in forma pauperis*. On April 6, 2011, the case was reassigned to the undersigned judge.

**II.**	**Analysis**

    **A.**	**Plaintiff's Notice of Appeal**

With some exceptions, the filing of a Notice of Appeal "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see* 28 U.S.C.

---

[2] Counsel for defendant filed a notice of withdrawal of appearance on March 16, 2011. *See* Docket No. 11.

§ 1291 (providing that "the courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts . . . ."). A 'final decision' generally is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *Catlin v. United States*, 324 U.S. 229, 233 (1945).

Because the plaintiff had not yet consented to a reference to the magistrate judge, review of Magistrate Judge Hillman's Order must first be sought from the undersigned district judge before appealing to the Court of Appeals. To the extent plaintiff seeks to appeal to the United States Court of Appeals for the First Circuit, such appeal is clearly defective in that it is interlocutory in nature and is not appealable until a final judgment is ultimately entered in this case. *See* 28 U.S.C. §§ 1291, 1292. Under the circumstances, plaintiff's appeal does not divest this court of its jurisdiction over this action.

### B. **Plaintiff Failed to Show Good Cause or File an Amended Complaint**

Magistrate Judge Hillman granted plaintiff's motion to proceed *in forma pauperis*. However, there was no basis for her motion for a speedy trial and her complaint failed to state a cognizable constitutional claim. It is clear from plaintiff's notice of appeal that she disagrees with Magistrate Judge Hillman's Order.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss a claim "for failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). This authority flows from a Court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Id.* at 629-31.

Here, plaintiff was provided an opportunity to either show good cause why her complaint

should not be dismissed or to file an amended complaint. However, she failed to comply with Magistrate Judge Hillman's order and instead filed a notice of appeal. A party that disagrees with a ruling is not then free to disregard or disobey it. Rather, the litigant must obey the order, while preserving the right to challenge it later on appeal. Accordingly, the Court will dismiss her complaint without prejudice pursuant to Rule 41(b) for failure to follow an order of the Court.

**III.    Conclusion**

For the foregoing reasons, the Court dismisses this action without prejudice and denies the motion to proceed *in forma pauperis* as moot.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  May 5, 2011